# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| SOPHAN POK,<br>CDCR #T-88438,<br><br>                     Plaintiff,<br><br>vs.<br><br>TONY HEDGPETH, Warden,<br><br>                     Defendant. | Civil No.   08-1029 JAH (NLS)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On July 18, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed

*IFP* on July 28, 2008 [Doc. No. 4].

Plaintiff later filed a "Motion to Amend to Add Additional Claims and Reliefs" [Doc. No. 10]. On November 25, 2008, this matter was reassigned to District Judge John A. Houston for all further proceedings [Doc. No. 11]. The Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b) on January 13, 2009. However, the Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *See* Jan. 13, 2009 Order at 4. Plaintiff filed his First Amended Complaint on February 13, 2009.

## II.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in the previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

(discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff claims that his First Amendment constitutional rights were violated when prison officials refused to allow him to receive magazine articles that contained nudity, violence and drugs. (*See* FAC at 2.) While Plaintiff admitted in his original Complaint that the magazines contained nudity, *see* Orig. Compl. at 2, he now claims that there was no nudity in the confiscated magazines. (*See* FAC at 2-3.)

A prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). A prisoner's right to receive publications from outside the prison should be analyzed using the *Turner* factors. *See Beard v. Banks*, 548 U.S. 521, 531-33 (2006). The relevant *Turner* factors in determining whether a regulation, or its application in a particular situation, is reasonable are as follows: (1) whether there is a valid, rational connection between the regulation and a legitimate and neutral government interest, (2) whether there are alternative means of exercising the constitutional right, (3) the impact the accommodation of the right will have on prison staff and other prisoners, and (4) whether the regulation is an exaggerated

response to prison concerns, in light of readily available alternatives. *Turner*, 482 U.S. at 89-91.

The Ninth Circuit, in applying the *Turner* factors to situations similar to the ones raised in this action, has held that prison officials may prohibit receipt of sexually explicit materials similar to those sought by Plaintiff. *See Bahrampour v. Lampert*, 356 F.3d 969, 976 (9th Cir. 2004); *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999); *Mauro v. Arpaio,* 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc). In all these cases, the prison regulation was upheld due to security concerns voiced by the institutions. In Plaintiff's original Complaint, he admitted that the content which was banned contained nudity although he now claims that prison official have "exaggerated" the claims of nudity. Either way, the facts as alleged by Plaintiff show that prison officials provided Plaintiff with a regulation that was rationally related to a legitimate government interest. Thus, Plaintiff's First Amendment claim relating to prison officials' refusal to allow material which contains nudity is dismissed for failing to state a claim upon which relief can be granted.

Accordingly, Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint [Doc. No. 14] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

/ / /

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: February 25, 2009

JOHN A. HOUSTON
United States District Judge