# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| SOPHAN POK,<br>CDCR #T-88438,<br><br>        Plaintiff,<br><br>vs.<br><br>TONY HEDGPETH, Warden,<br><br>        Defendant. | Civil No. 08-1029 JAH (NLS)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.

### PROCEDURAL HISTORY

On July 18, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed

*IFP* on July 28, 2008 [Doc. No. 4].

Plaintiff later filed a "Motion to Amend to Add Additional Claims and Reliefs" [Doc. No. 10]. On November 25, 2008, this matter was reassigned to District Judge John A. Houston for all further proceedings [Doc. No. 11]. The Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b) on January 13, 2009. However, the Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *See* Jan. 13, 2009 Order at 4. Plaintiff filed his First Amended Complaint on February 13, 2009. The Court, once again, sua sponte dismissed Plaintiff's First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* March 16, 2009 Order at 4-5. Plaintiff filed his Second Amended Complaint ("SAC") on April 16, 2009 [Doc. No. 18].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Here, the Court finds that Plaintiff's allegations survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [Doc. No. 18] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and certified copies of his Second Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return pursuant to the instructions provided by the Court. Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by

1  Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28

2  U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3      2.    Plaintiff shall serve upon Defendants or, if appearance has been entered by

4  counsel, upon Defendants' counsel, a copy of every further pleading or other document

5  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

6  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

7  of any document was served on Defendants, or counsel for Defendants, and the date of service.

8  Any paper received by the Court which has not been filed with the Clerk or which fails to

9  include a Certificate of Service will be disregarded.

10      3.    Prior to filing any motion, Counsel for Defendants shall contact the chambers of

11  the assigned judge to obtain a hearing date and time.

12

13  DATED:  April 27, 2009

14

15

**HON. JOHN A. HOUSTON**
16  **United States District Judge**

17

18

19

20

21

22

23

24

25

26

27

28